**IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| I.B.I.D. ASSOCIATES LIMITED PARTNERSHIP d/b/a I.B.I.D. ASSOCIATES, L.P., Plaintiff, v. COUNCILMEMBER JAMIE GAUTHIER and THE CITY OF PHILADELPHIA, Defendants. | Case No. 2:22-cv-00954-JDW |

**MEMORANDUM OF LAW IN SUPPORT OF IBID'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS IN ITS REVISED FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS**

David H. Pittinsky
Michael R. McDonald
Hannah L. Welsh

**BALLARD SPAHR LLP**
Pittinsky@ballardspahr.com
McDonaldM@ballardspahr.com
WelshH@ballardspahr.com
1735 Market Street, 51st Floor
Philadelphia, PA 19103-7599
Telephone: 215.665.8500

*Attorneys for Plaintiff*

IBID respectfully moves this Court to compel Defendants to produce documents in response to IBID's Revised First Set of Requests for Production of Documents.

## I. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

This case arises from Defendants' extraordinary use of state power to prevent IBID from lawfully selling its private property and compelling the property's use for a public purpose. On September 30, 2021, Councilmember Gauthier introduced Philadelphia City Council Bill 210778 (as amended, the "AHP Overlay Bill"). The Bill creates a zoning "overlay" targeting IBID's privately-owned parcel of land at 3900 Market Street (the "Property") with onerous and atypical requirements, including a demolition moratorium, a virtual prohibition on commercial development, and an unprecedented affordable-housing requirement. When introduced, the Bill had the immediate effect of torpedoing the Property's prospective sale and redevelopment.

IBID initiated this action on March 13, shortly after the Bill's final passage, claiming that the Bill constituted a governmental taking under the Fifth Amendment to the United States Constitution; Defendants violated IBID's equal protection and substantive due process rights under the Fourteenth Amendment; the Bill violated the Constitution's Contracts Clause; and the Bill constitutes an impermissible bill of attainder. *See generally* Complaint, ECF No. 1.

IBID promptly served its First Set of Requests for Production of Documents to Defendants (the "First Requests"). Although few in number and appropriately tailored, Defendants responded on April 4, 2022, objecting to the First Requests in full, agreeing to produce not a single document. (*See* Defs.' Resps. to the First Reqs., Ex. A). The parties met and conferred via telephone conference on April 11, 2022. In an effort to reach a compromise, IBID substantially narrowed its requests, and served on Defendants the Revised First Set of Requests for Production of Documents (the "Revised Requests"). The Revised Requests seek only documents and communications

relating to IBID, the Altman Group, the sale or redevelopment of the Property, or affordable housing at the Property, from between and among only three limited sets of relevant custodians, including Councilmember Gauthier, her staff, third parties, and relevant City departments.

Defendants responded on April 14, 2022, making each of the same objections raised in response to IBID's First Requests. (*See* Defs.' Resps. to the Revised Reqs., Ex. B). Significantly, and despite IBID's good faith efforts to substantially reduce both the number and breadth of its requests, Defendants only agreed to produce a very limited set of documents (most publically available) in response to Request No. 3. (*Id.*). IBID now brings this Motion to Compel.

## II. ARGUMENT

"[T]he federal rules allow broad and liberal discovery." *Pacitti by Pacitti v. Macy's*, 193 F.3d 766, 777–78 (3d Cir. 1999). They permit parties to "obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action." Fed. R. Civ. P. 26(b)(1). "Relevance is 'construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case.'" *Green v. Cosby*, 314 F.R.D. 164, 171 (E.D. Pa. 2016) (quoting *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978)). "A party's statement that the discovery sought is overly broad, burdensome, oppressive, vague, or irrelevant is not adequate to voice a successful objection." *Creely v. Genesis Health Ventures, Inc.*, 2005 WL 44526, at *1 (E.D. Pa. Jan. 10, 2005).

### A. The documents requested are relevant to IBID's claims.

Defendants argue that each of the Revised Requests are irrelevant to IBID's claims. Specifically, Defendants argue that the requested documents have no bearing on "whether the Bill regulates access to IBID's property, diminishes its value, or otherwise constitutes a taking" or "whether the Bill interferes with any provision of IBID's HUD Contract." (Ex. B). Defendants

also dispute that the documents are relevant to "whether the Bill survives rational basis scrutiny" as to IBID's Fourteenth Amendment claims, which "requires only a hypothetical rational relationship between the Bill and a legitimate governmental objective." (*Id.*). Defendants' attempt to dodge the "broad and liberal discovery" provided for under the Federal Rules is unavailing.

First, as to IBID's Equal Protection and Substantive Due Process claims, IBID does not agree or concede that rational basis review—or Defendants' interpretation of that standard—is the proper standard of review. Besides, the standard of review the Court applies to them does not bear on 'relevance' in the context of discovery; indeed, the case Defendants cite is entirely unrelated to the question of discoverability. *See F.C.C. v. Beach Commc'ns, Inc.*, 508 U.S. 307 (1993). Defendants' "rational basis" objection is a premature argument as to the merits of IBID's claims that is inapposite to the appropriate scope of discovery. *See Oppenheimer Fund*, 437 U.S. at 351. For this reason alone, their objections should be rejected.

The discovery sought is clearly relevant to IBID's claims in any event. IBID's Revised Requests reasonably may bear on Defendants' purpose in introducing and enacting the AHP Overlay Bill when and how they did. This is relevant to a Contracts Clause claim, which requires the Court to consider, *inter alia*, whether the contractual impairment has a "legitimate and important public purpose" and was "reasonable in light of that purpose." *Transp. Workers Union of Am., Loc. 290 v. SEPTA*, 145 F.3d 619, 621 (3d Cir. 1998).

Similarly, IBID's equal protection claim proceeds under a "class of one" theory, which requires IBID to establish in part that it was "*intentionally treated differently* from others similarly situated" without sufficient reason. *Hill v. Borough of Kutztown*, 455 F.3d 225, 239 (3d Cir. 2006) (emphasis added) (quoting *Vill. of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000)). A substantive due process claim, too—especially one, as here, targeted at Defendants' "course of conduct" and

not just a discrete act—implicates evidence of improper motives and intentional targeting of individual rights. *See Cty. Concrete Corp. v. Twp. of Roxbury*, 442 F.3d 159, 166 (3d Cir. 2006) (citing *Blanche Road Corp. v. Bensalem Twp.*, 57 F.3d 253 (3d Cir. 1995)). The Court should overrule Defendants' relevance objections.

**B. Legislative immunity does not bar the requested discovery.**

Defendants incorrectly argue that the Councilmember and her staff have legislative immunity "from responding to discovery and from providing testimony related to motive," because "IBID's lawsuit challenges only the Bill," which is "quintessential legislative activity." (Ex. B). Legislative immunity "does not extend beyond what is necessary to preserve the integrity of the legislative process." *United States v. Brewster*, 408 U.S. 501, 517 (1972). "Activities that are casually or incidentally related to legislative affairs but are not a part of the process itself, are not" protected. *Baraka v. McGreevey*, 481 F.3d 187, 196 (3d Cir. 2007) (quotation omitted). Moreover, public statements and political activities are not the "the type of legislative duties which the privilege protects." *Lunderstadt v. Colafella*, 885 F.2d 66, 77–78 (3d Cir. 1989). *See also Payne v. Dist. of Col.*, 279 F.R.D. 1, 5 (D.D.C. 2011); *Gravel v. United States*, 408 U.S. 606, 625 (1972) (Congress–Executive Branch communications generally are "not protected legislative activity").

IBID's Revised Requests do not ask for documents related to the Councilmember's legislative activities in passing the Bill. Rather, IBID asks only for documents relating to "IBID, the Altman Group, the sale or redevelopment of the Property, or the retention or expansion of affordable housing at the Property or in connection with the sale or redevelopment of the Property." (Ex. B). Indeed, IBID ***specifically excluded*** from its requests intra-office or intra-Council communications. That the requested information might "casually or incidentally" relate to the Bill does not mean that it is protected from disclosure. *See Baraka*, 481 F.3d at 196. Moreover, IBID's

Request No. 2 asks *only* for documents relating to public statements made or events organized by the Councilmember, which case law makes clear fall outside the scope of legislative immunity. *See Gravel*, 408 U.S. at 625; *Lunderstadt*, 885 F.2d at 77–78; *Payne*, 279 F.R.D. at 5.

Additionally, the AHP Overlay Bill was passed by use of councilmanic prerogative, a corrupt practice unsanctioned by the City's Home Rule Charter, and without following required procedures. Compl. ¶¶ 17–18, 69–71, 74–77, 84–90 (ECF No. 1). Thus, the Bill was not "undertaken through established legislative procedures," further undermining Defendants' claimed immunity. *See Cty. Concrete*, 442 F.3d at 172. The Court should compel Defendants' compliance with IBID's reasonable requests. *See Mun. Revenue Servs., Inc. v. Xspand, Inc.*, 2007 2007 WL 1314875, at *4 (M.D. Pa. May 4, 2007) (granting motion to compel documents and testimony from a state representative); *Payne*, 279 F.R.D. at 7 (compelling production related to councilmembers' attempts to influence executive agencies). At the very least, the *City* should be made to respond.

**C. The Councilmember's qualified immunity defense does not bar discovery.**

Defendants argue that the Councilmember is entitled to qualified immunity because IBID has not "shown the rights it alleges were violated were clearly established." (Ex. B). Again, this argument is premature and unrelated to discovery. The Supreme Court has "explicitly recognized that discovery may be necessary against a government official who invokes qualified immunity." *Feibush v. Johnson*, 280 F. Supp. 3d 663, 665 n.1 (E.D. Pa. 2017) (citation omitted). Moreover, even if this Court eventually finds that the Councilmember is protected by qualified immunity, she may still be subject to third-party discovery. *See Feibush*, 280 F. Supp. at 665. Given the expedited discovery schedule and upcoming preliminary injunction hearing in this matter, Defendants' refusal to produce documents will unduly prejudice IBID. IBID's Motion should be granted.

**BALLARD SPAHR LLP**

Dated: April 22, 2022

By: */s/ Michael R. McDonald*

David H. Pittinsky
Michael R. McDonald
Hannah L. Welsh

Pittinsky@ballardspahr.com
McDonaldM@ballardspahr.com
WelshH@ballardspahr.com
1735 Market Street, 51st Floor
Philadelphia, PA 19103-7599
Telephone: 215.665.8500

*Attorneys for Plaintiff*

**CERTIFICATION OF WORD COUNT**

Pursuant to Section C.1 of the Honorable Joshua D. Wolson's Policies and Procedures, I hereby certify that the preceding Memorandum of Law in support of IBID's Motion to Compel Production of Documents contains 1,580 words, as determined by Microsoft Word's word count application.

Dated: April 22, 2022

By: */s/ Michael R. McDonald*
Michael R. McDonald