## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| I.B.I.D. ASSOCIATES LIMITED PARTNERSHIP d/b/a I.B.I.D. ASSOCIATES, L.P., <br><br> Plaintiff, <br><br> v. <br><br> COUNCILMEMBER JAMIE GAUTHIER and THE CITY OF PHILADELPHIA, <br><br> Defendants. | CIVIL ACTION NO. 2:22-CV-00954 |

## STIPULATED PROTECTIVE ORDER

To facilitate the exchange of discovery material, assist with the resolution of potential disputes over confidentiality, and protect against improper disclosure of Discovery Material entitled to protection under Federal Rule of Civil Procedure 26(c), the Parties agree that this Stipulated Protective Order ("Protective Order") shall govern the above-captioned action (the "Action").

This Action is likely to involve the production of confidential business or financial information and other information which is otherwise not available to the public, for which special protection from public disclosure and from use for any purpose other than prosecution of this Action is warranted. Such confidential and proprietary materials and information consist of, among other things, confidential business or financial information, information regarding confidential business practices, including information implicating the privacy rights of individuals, information otherwise generally unavailable to the public, or which may be privileged or otherwise protected from disclosure under state or federal statutes, court rules, case decisions, or common law.

Accordingly, to expedite the flow of information, to facilitate the prompt resolution of

disputes over confidentiality of discovery materials, to adequately protect information the parties are entitled to keep confidential, to ensure that the parties are permitted reasonable necessary uses of such material in preparation for and in the conduct of trial, to address their handling at the end of the litigation, and serve the ends of justice, a protective order for such information is justified in this matter. It is the intent of the parties that information will not be designated as confidential for tactical reasons and that nothing be so designated without a good faith belief that it has been maintained in a confidential, non-public manner, and there is good cause why it should not be part of the public record of this case.

Based upon this stipulation, it is hereby ORDERED as follows:

1. <u>Definitions</u>

    a. "Confidential" Discovery Material shall mean Discovery Material (regardless of how it is generated, stored or maintained) that qualifies for protection under Federal Rule of Civil Procedure 26(c), and as specified above in the Good Cause Statement.

    b. "Counsel" shall mean attorneys who retained to represent or advise a party to this Action and have appeared in this Action on behalf of that party or are affiliated with a law firm (including governmental organizations such as the City of Philadelphia Law Department) that has appeared on behalf of that party, and includes support staff.

    c. "Designated Material" shall mean any Discovery Material designated as Confidential by a Designating Party.

    d. "Designating Party" shall mean a Party or non-party that designates Discovery Material as Confidential.

    e. "Discovery Material" shall mean all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things,

testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

  f. "Party" shall mean, for purposes of this Order only, any current or future Plaintiffs or Defendants in this Action, including their officers, directors, and principals acting or purporting to act on their behalf. As to Defendant The City of Philadelphia only, the term "Party" shall refer only to those individuals who otherwise meet this definition and are within the Office of the Mayor, the Philadelphia Planning Commission, or the Philadelphia Department of Planning and Development.

  g. "Producing Party" shall mean a Party or non-party that produces Discovery Material in this Action.

  h. "Protected Discovery Material" shall mean Confidential Discovery Material.

  i. "Receiving Party" shall mean a Party that receives Discovery Material from a Producing Party in this Action.

2. Scope

  a. The protections conferred by this Stipulation and Order cover not only Protected Discovery Material (as defined above), but also: (1) any information copied or extracted from Protected Discovery Material; (2) all copies, excerpts, summaries, or compilations of Protected Discovery Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Discovery Material.

  b. Any use of Protected Discovery Material at trial shall be governed by the orders of the Court. This Protective Order does not govern the use of Protected Discovery Material at trial. The term "trial" in this paragraph and as used hereinafter shall refer to any hearing or trial conducted in open Court during the course of this Action.

3. Duration

Once a case proceeds to trial, Protected Discovery Material that is used or introduced as an exhibit at trial becomes public and will be presumptively available to all members of the public, including the press, unless compelling reasons to proceed otherwise are made to the Court in advance of the trial. Accordingly, the terms of this Protective Order do not extend beyond the commencement of the trial, with two exceptions:

a. Any Protected Discovery Material that is not used or introduced as an exhibit at trial shall remain protected under this Protective Order and be subject to final disposition as set forth in Section 15.

b. Should resolution be reached prior to a trial, the terms of this Protective Order extend up to final disposition of the Action.

4. Designating Confidential Discovery Material in Documents

a. Any Producing Party may designate Discovery Material as Confidential and such material shall be treated in accordance with the provisions of this Protective Order, provided that the materials are stamped or marked in such a manner that they are prominently designated Confidential. If Discovery Material entitled to protection is included in written answers to discovery requests of any kind, the portions of such answers or responses that contain Confidential Discovery Material shall be marked Confidential.

b. By approving this Protective Order, the Parties acknowledge that the Court is not ruling on whether any document or information is, in fact, entitled to protection from public disclosure under Federal Rule of Civil Procedure 26(c). Rather, the purpose of this Protective Order in order to minimize discovery problems and to promote and expedite unrestricted discovery without Court intervention. If it becomes necessary to use Confidential Material in court filings,

4

counsel shall confer with the Designating Party about how it should be filed. If the Designating Party desires that the materials be filed under seal, then the Designating Party shall file an appropriate motion to file under seal. Documents filed under seal in accordance with this paragraph will remain Confidential subject to the terms of this Stipulated Protective Order and shall not be made available to anyone except pursuant to order of the Court. Local Rule 5.1.5 provides for disposition of documents filed with the Court, and will continue to control unless otherwise ordered by the Court at the conclusion of the case.

   c. If a Producing Party is asked to produce a non-party's documents or tangible things, the Producing Party will in good faith designate materials as Confidential in conformance with any pre-existing confidentiality obligations to the non-party and/or designations requested by the non-party, or otherwise in good faith to protect the non-party's sensitive information. Parties will confer with the non-party as practicable to ensure appropriate confidentiality designations.

   d. Each Party or non-party that designates Discovery Materials Confidential under this Order must take care to limit any such designation to the specific material that qualifies under the appropriate standard. To the extent it is practical to do so, the Designating Party must designate only those parts of the Discovery Material that qualify as Confidential, so that other portions of the Discovery Material for which the protections of this Order are not warranted are not unjustifiability included.

   e. If it comes to the Designating Party's attention that Discovery Material designated Confidential does not qulity for such protection, it must promptly notify the Receiving Parties in writing that it is withdrawing the designation and, at its own expense, produce new copies of the Discovery Materials with the appropriate designation within fourteen (14) calendar days.

   f. The protections of this Order do not apply to: (a) any Discovery Material that is

publicly available or in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication or other event not involving a violation of this Order, including becoming part of the public record through trial or otherwise; and (b) any Discovery Material in the possession of Receiving Party prior to disclosure or obtained by the Receiving Party after disclosure from a source who obtained the information lawfully and is under no obligation of confidentiality to the Designating Party.

  g. If timely corrected, an inadvertent failure to designate qualified Discovery Material does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Protective Order.

  5. <u>Designating Confidential Discovery Material in Depositions</u>

  a. Discovery Material previously marked as Confidential shall remain such even if used at deposition. In addition, Parties and deponents may, within thirty (30) calendar days after receiving a final transcript of a deposition from the court reporter, designate the transcript (and/or exhibits thereto) as Confidential by oral or written notice to the Parties present and the stenographer and the videographer. During the 30-day designation period, all deposition transcripts shall be treated as Confidential. To the extent deposition material is designated as Confidential, the transcript of the designated testimony shall be bound in a separate volume and marked "CONFIDENTIAL INFORMATION GOVERNED BY PROTECTIVE ORDER" by the reporter.

  b. Counsel for the witness or Counsel for any Party, Producing Party, or Designating Party shall have the right to exclude from attendance at portions of depositions related to Confidential Discovery Material any person who is not authorized by this Order to receive such

Discovery Material.

6. <u>Use of Designated Material is Limited to This Action Only</u>

Unless otherwise ordered by this Court or any other court, administrative agency, or similar governmental or regulatory body, Designated Material may be used only in connection with the prosecution or defense of claims in, or the settlement of, this Action.

7. <u>Disclosure of Confidential Discovery Material</u>

   a. Confidential Discovery Material may only be disclosed to:

   i. Parties in this Action and their employees, to the extent the disclosure is at the direction of Counsel;

   ii. Counsel for the Parties, as defined above in Section 1(b), and their respective legal, investigative, technical, administrative, and other support staff (including City employees outside the Law Department, except only to the extent such employees are functioning as "legal, investigative, technical, administrative, and other support staff" as contemplated by this paragraph) engaged in the conduct of this Action;

   iii. This Court, or any other court exercising jurisdiction with respect to this Action, and any court personnel or other qualified persons involved in this Action, including clerical personnel, jurors, court reporters, or those recording, taking, or transcribing testimony or argument at any deposition, hearing, trial, or appeal in this Action;

   iv. Witnesses at depositions, hearings, or trial that are not Parties or employed by Parties and who have executed the "Acknowledgment and Consent to Be Bound by Protective Order" ("Acknowledgment") attached as Exhibit A to this

|      | Protective Order, provided that the examiner has a good faith belief that the witness is likely to have prior knowledge of the subject matter of the Discovery Material; |
|------|---|
| v.   | Any person designated by the Court to have authority to view protected material upon such terms as the Court may deem proper; |
| vi.  | Any special master, mediator, or arbitrator engaged by the Parties or authorized by the Court for purposes of mediation, arbitration, or other dispute resolution regarding is-sues arising in this Action, provided that they have executed the Acknowledgment; |
| vii. | Outside consultants, investigators, or experts retained for the purpose of assisting Counsel or testifying in this Action, provided that they have executed the Acknowledgment; |
| viii.| Third-party contractors engaged for litigation support, including those involved in copying, organizing, filing, coding, converting, storing, or retrieving Discovery Material or designing and maintaining computerized programs for handling Discovery Material, provided that they have executed the Acknowledgment; |
| ix.  | The person or entity that produced or originally created the designated Discovery Material; |
| x.   | Any author, addressee, or recipient of the designated Discovery Material as indicated on its face; |
| xi.  | Any other person agreed to in writing by the Designating Party, which agreement shall not be unreasonably withheld. |

8. Signing a Consent to be Bound by the Protective Order

a. As described in Section 7, above, certain persons must execute the Acknowledgment appended as Exhibit A and agree—before any Designated Material is disclosed—that they: (a) read, understood, and will abide by the terms of this Order; (b) will not disclose Designated Material to any person not authorized by this Order to receive such material; (c) will not use such Designated Material for any purpose other than this Action; and (d) consent to the jurisdiction of this Court for any action to enforce the provisions of Exhibit A and this Order.

b. Counsel for the Party who obtains the signed copies of Exhibit A shall retain them during this Action.

c. In the event that any person who is required to sign Exhibit A refuses to sign it, Counsel seeking to disclose the Designated Material may seek written permission from the Designating Party, or from the Court, to disclose such material to such person upon good cause shown for such disclosure.

9. Challenging Designations of Confidential Discovery Material

a. Any Party may challenge the designation of Discovery Material as Confidential by providing written notice to the Designating Party identifying the Discovery Material it challenges and the basis for its challenge.

b. Within seven (7) calendar days of receiving such notice, the Designating Party shall meet and confer with the challenging Party in good faith to resolve this dispute. If the Parties are unable to reach an agreement, within seven (7) calendar days after the meet and confer, or such other time as the Parties may agree, the challenging Party may file a motion or other application allowed by the Federal Rules of Civil Procedure, the Local Rules of the Eastern District of Pennsylvania, and the Court's Policies and Procedures to challenge the Confidential designation.

c. The challenging Party's motion or application regarding the challenged material shall identify with specificity the Confidential Discovery Material that is the subject of the motion, but shall not disclose or reveal the contents of that material except in the manner prescribed above regarding redactions and sealed filings. If such a motion or application is made, all Discovery Material so designated shall maintain its existing Confidential status pending a ruling by the Court.

d. The Designating Party retains the burden of establishing the propriety of its designation of Confidential Discovery Material. Nothing in this paragraph shall limit the right of any Party to petition the Court for an *in camera* review of the Discovery Material at issue.

10. <u>Inadvertent Failure to Designate</u>

a. Except as provided in this paragraph, following a Producing Party's production or dissemination of Discovery Material, the inadvertent failure to designate particular Discovery Material as Confidential at the time of production or dissemination shall not waive the Producing Party's right to later designate such material as Confidential. Within a reasonable time after making the later designation, the Producing Party must provide the Receiving Party with a replacement copy of the Discovery Material that is properly marked Confidential in accordance with this Order.

b. No Receiving Party shall be deemed to have violated this Order if, prior to receiving notification of such later designation, the Receiving Party disclosed such Discovery Material or used it in a manner inconsistent with the later designation. The Receiving Party shall notify the Producing Party if any such disclosure had been made prior to its receiving notification of such later designation.

c. Once such later designation has been made, the relevant documents or materials shall be treated as Confidential in accordance with this Protective Order. However, if the Discovery Material that inadvertently was not designated is, at the time of the later designation, already filed

with a Court in the public record, the Disclosing Party that failed to make the designation shall be responsible for moving the Court for appropriate relief, such as partial redaction or sealing.

   d. If an inadvertently omitted Confidential designation is first claimed during the course of a deposition, hearing, or other Court proceeding, the applicable Discovery Material may be used throughout the deposition, hearing, or Court proceeding as though no designation had been made, but shall be treated as though such designation had been made immediately thereafter.

  11. <u>Privileged Material</u>

   a. A Party's inadvertent production or disclosure of Discovery Material covered by the attorney-client privilege or entitled to work-product protection does not by itself constitute a waiver of such privilege or protection either in this Action or in any other federal or state proceeding.

   b. If at any time a Producing Party discovers that it inadvertently produced or disclosed Protected Discovery Material, it shall, promptly and in writing or on the record at a deposition or court hearing, notify the Receiving Party of the inadvertent disclosure. Upon notice of a claim of inadvertent disclosure, the Receiving Party shall return, sequester, delete or destroy all copies of the Protected Discovery Material identified in the notice and, within seven (7) days after receiving notice, provide a written representation to the Producing Party that all such information was returned, sequestered, deleted, or destroyed.

   c. To the extent that any discoverable Document is withheld, in whole or in part, for any reason, including but not limited to any claim of privilege of any kind or work-product protection, upon the Receiving Party's notification referenced in the preceding paragraph, the Producing Party shall within fourteen (14) business days after that notification produce a privilege log that sets forth the following with respect to every such discoverable Document, if ascertainable:

      i. the nature of the privilege or ground of confidentiality claimed;

      ii. the type of document;

      iii. the author(s) of the document;

      iv. the addressee(s) of the document;

      v. all persons who received copies of the document;

      vi. the date of the document;

      vii. the subject matter of the document;

      viii. the existence of any enclosure(s) or attachment(s);

      ix. the Bates range of the document; and

Any privilege log or list is to be produced in an Excel spreadsheet or other format capable of electronic sorting or as otherwise ordered by the Court. The Parties may stipulate to extend the time periods set forth in this paragraph.

    d. If a Receiving Party disputes that the withheld Protected Discovery Material is entitled to privileged or protected treatment, the Receiving Party must meet and confer with the Producing Party to discuss the disagreement within seven (7) business days of receipt of the Producing Party's privilege log described in Section 11.a. After that meet-and-confer, if the parties still disagree about whether the disclosed Protected Discovery Material is entitled to privileged or protected treatment, the Receiving Party may move the Court for an Order compelling production of the documents or information. This motion shall, subject to the Court's approval, be filed under seal, if necessary, and shall not assert as a ground for entering such an Order the fact or circumstances of the production.

    e. The Party claiming privilege or work product protection retains the burden of establishing the privileged or protected nature of any disclosed Protected Discovery Material.

Nothing in this paragraph shall limit the right of any Party or non-party to petition the Court for an *in camera* review of the withheld Protected Discovery Material.

  f. Notwithstanding the other paragraphs in this Section, the Parties reserve their rights to petition the Court for a modification of this Order or other appropriate relief in the event that a Producing Party has engaged in an unreasonable use of the clawback procedure, including clawing back documents at unreasonable points in time, at an unreasonable frequency, in an unreasonable volume, or using the procedure for an improper purpose.

  12. Further Requests for Production

  a. If, at any time, any Designated Material in the possession, custody, or control of any person or Party other than the Designating Party is subpoenaed or requested for disclosure to any court, administrative agency, legislative body, or other person or entity, the person or Party that received the subpoena or request shall provide prompt written notice of the subpoena or request to the original Designating Party, provided doing so would not result in violation of any law or government directive. If the Designating Party wishes to oppose the subpoena or request for production of such material, the person or Party to whom the subpoena or request is directed shall not take any position concerning the designation and protection of the Discovery Material.

  b. Other than the obligation to comply with the requirements in the paragraph above, this Order is not intended to affect a person's or Party's obligation to respond to such subpoena or request.

  13. Miscellaneous

  a. By this Protective Order, no Party shall be deemed to have waived its right to assert that any particular Discovery Material should or should not be accorded Confidential treatment or should or should not be subject to attorney-client privilege, the work product doctrine, or other

applicable privilege or protection.

      b. The Parties intend that this Order shall be consistent with the Federal Rules of Civil Procedure, the Federal Rules of Evidence, any applicable Local Rules of the Eastern District of Pennsylvania, and the Court's Policies and Procedures.

      c. For purposes of computing any period of time under this Order, the provisions of Fed. R. Civ. P. 6 and the Local Rules of the Eastern District of Pennsylvania shall apply.

      d. This Order does not address, limit, or determine the relevance, discoverability, or admissibility into evidence of any documents or information.

      e. The Parties do not waive any objections as to the production, discoverability, confidentiality, privilege, or work-product protection of any documents.

      f. Any person or Party may challenge the confidentiality designation, privilege, or work product protection of documents that were, are, or become public knowledge independent of this Action.

14. <u>Duties Upon Case Termination</u>

      a. This Order shall remain in full force and effect and each person or entity subject to this Order shall continue to be subject to the jurisdiction of this Court, for the purposes of this Protective Order, in perpetuity. The Court shall not be divested of jurisdiction over any person or entity, or of the subject matter of this Protective Order, under any circumstances, including the conclusion of this Action, filing of a notice of appeal, or other pleading which would otherwise have the effect of divesting the Court of jurisdiction.

      b. Within forty-five (45) days after the conclusion of all aspects of this Action, including any appeals, any Receiving Party that received Designated Materials must either:

          i. return such Discovery Materials to the Producing Party; or

      ii.    certify in writing to Counsel for the Producing Party that the Receiving Party has destroyed all copies of those Discovery Materials containing such Confidential information in its possession, custody, or control.

    c.  Notwithstanding these provisions and as otherwise required by law, Receiving Parties and their Counsel shall be permitted to retain a copy of pleadings, motions, briefs, and other court filings referencing Confidential Discovery Material, subject to the ongoing duty to maintain the confidentiality of those documents in accordance with this Protective Order, except that exhibits to court filings that were marked Confidential Discovery Material shall be treated in accordance with Section 15.b.

15. <u>Modification of Protective Order Permitted</u>

Any Party, for good cause, may apply to the Court for modification of this Protective Order. The Parties may also stipulate in writing to amend this Protective Order, subject to Court approval.

16. <u>Application to Non-Parties</u>

    a.  Any non-party producing Discovery Material or giving deposition testimony in this Action may avail themselves of the Confidential treatment provided for in this Protective Order for testimony or Discovery Material by following the procedures provided herein.

    b.  Any Party serving a subpoena for documents or testimony shall include with such subpoena a copy of this Protective Order. All Counsel in this Action have the obligation to inform any non-party that expresses concern or makes inquiry pertaining to issues addressed by this Protective Order of the existence of this Protective Order and, if requested, to provide a copy of this Protective Order to such non-party.

    c.  This Protective Order shall be binding upon non-parties unless they object to it in writing within ten (10) calendar days of its service upon them.

| | |
|---|---|
| */s/ Amy Kirby* | */s/ Michael R. McDonald* |
| Amy Kirby, Senior Attorney | David H. Pittinsky |
| Michael Pfautz, Deputy City Solicitor | Michael R. McDonald |
| | Hannah L. Welsh |
| **AFFIRMATIVE AND SPECIAL** | |
| **LITIGATION UNIT** | **BALLARD SPAHR LLP** |
| 1515 Arch Street, 15th Floor | Pittinsky@ballardspahr.com |
| Philadelphia, PA 19102 | McdonaldM@ballardspahr.com |
| Phone: (215) 683-3566 | WelshH@ballardspahr.com |
| Fax: (215) 683-5299 | 1735 Market Street, 51st Floor |
| Amy.Kirby@phila.gov | Philadelphia, PA 19103-7599 |
| | Telephone: 215.665.8500 |
| *Attorneys for Defendants* | *Attorneys for Plaintiff* |

Date:   May 6, 2022

                                              **SO ORDERED:**

                                        */s/ Joshua D. Wolson*
                                        JOSHUA D. WOLSON, J.

Date:  May 6, 2022

# EXHIBIT A

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| I.B.I.D. ASSOCIATES LIMITED PARTNERSHIP d/b/a I.B.I.D. ASSOCIATES, L.P., | : : : : : |
| Plaintiff, | : : |
| v. | : CIVIL ACTION NO. 2:22-CV-00954 : |
| COUNCILMEMBER JAMIE GAUTHIER and THE CITY OF PHILADELPHIA, | : : : |
| Defendants. | : : |

## [PROPOSED] STIPULATED ACKNOWLEDGMENT AND CONSENT TO BE BOUND BY PROTECTIVE ORDER

I hereby certify that: (i) I have read the Protective Order governing Confidential Discovery Material (the "Protective Order") entered by the Court in this action, and I understand its terms; (ii) I understand that Discovery Material designated as Confidential under the Protective Order is being provided to me pursuant to the terms of the Protective Order; (iii) I agree to be bound by all provisions of the Protective Order, including its provisions restricting disclosure of material designated as Confidential and limiting the use of such material to the conduct of this action; and (iv) I hereby submit to the jurisdiction of this Court and the U.S. District Court for the Eastern District of Pennsylvania for purposes of enforcing the Protective Order.

Dated: _____    Signature: _____

                                                                    Printed Name: _____