IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| I.B.I.D. ASSOCIATES LIMITED PARTNERSHIP d/b/a/ I.B.I.D. ASSOCIATES, L.P., <br><br> Plaintiff, <br><br> v. <br><br> COUNCILMEMBER JAMIE GAUTHIER and THE CITY OF PHILADELPHIA, <br><br> Defendants. | Case No. 2:22-cv-00954-JDW |

<u>MEMORANDUM</u>

When legislatures pass laws, courts can consider the constitutionality of those laws. But as a rule, courts do not look behind the curtain to consider the process that brought about a legislative enactment. Indeed, like hotdog-making, the process is often ugly, and it is not for courts to police the legislative process. As a corollary to that rule, courts generally do not subject the legislative process to discovery, either. Were it otherwise, the threat of discovery might chill the legislative process, and that's not good for democracy. In this case, I.B.I.D. Associates Limited Partnership thinks that Philadelphia Councilmember Jamie Gauthier singled I.B.I.D. out for punitive treatment. I.B.I.D. wants to take discovery about the process that led to the enactment of a bill that restricts the uses that I.B.I.D. can make of property it owns in West Philadelphia. But I.B.I.D.'s requests run afoul of the doctrines of legislative immunity and legislative privilege, so the Court will deny its Motion to Compel.

I. BACKGROUND

On September 30, 2021, Philadelphia Councilmember Jamie Gauthier introduced a bill (the "Overlay Bill") that would restrict the use of certain properties in West Philadelphia, including properties that I.B.I.D. owns. On October 21, 2021, the Philadelphia Planning Commission held a meeting on the proposed Overlay Bill. The Commission voted to recommend the Overlay Bill for approval, despite some publicly-stated misgivings. City Council passed the Overlay Bill on March 10, 2022, and it became law after the Mayor declined to act on it.

On March 14, 2022, I.B.I.D. sued the City and Councilmember Gauthier, alleging that the Overlay Bill and the process that led to it violated several provisions of the Constitution. The same day, I.B.I.D. filed a Motion for Temporary Restraining Order and Preliminary Injunction. On March 29, 2022, the Court held a hearing and then denied the TRO. The Parties agreed to engage in some limited, expedited discovery in connection with the preliminary injunction request, and the Court entered a scheduling order on April 14, 2022.

Pursuant to that scheduling order, I.B.I.D. served document requests. Defendants objected, and I.B.I.D. agreed to narrow its requests. The narrowed requests contain three Requests for Production. The first two focus on communications that Councilmember Gauthier had or statements she made about I.B.I.D. or its property. In the third RFP, I.B.I.D. seeks "[a]ll documents and communications between or among the Planning Commission and its staff, and/or the Department of Planning and Development and its staff, that refer or relate to I.B.I.D., the Altman Group, the sale

2

or redevelopment of the Property, or the retention or expansion of affordable housing at the Property or in connection with the sale or redevelopment of the Property." (ECF No. 19-4 at 6.)

Defendants objected to all three requests, invoking legislative privilege, among other objections. On April 22, 2022, I.B.I.D. filed this Motion, seeking to compel Defendants to comply with all three RFPs. On April 26, 2022, the Court held a phone conference about the Motion. The following day, the Court denied Motion with respect to the first two requests and ordered further briefing on the third.

II.   LEGAL STANDARD

Federal Rule of Civil Procedure 26(b)(1) allows a party to "obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action...." Fed. R. Civ. P. 26(b)(1). When a party resists discovery based on a privilege, it bears the burden of demonstrating the applicability of an evidentiary privilege as a bar to discovery. See In re Grand Jury Investigation, 918 F.2d 374, 385 (3d Cir. 1990).

III.  DISCUSSION

Local legislators are absolutely immune from liability for their legislative activities. See Bogan v. Scott–Harris, 523 U.S. 44, 49 (1998). "[L]egislative immunity represents a traditionally recognized privilege...." Powell v. Ridge, 247 F.3d 520, 524 (3d Cir. 2001). Legislative immunity includes both "an entitlement not to stand trial" and to avoid the "other burdens of litigation," including "such pretrial matters as discovery" because [i]nquiries of this kind can be peculiarly disruptive of effective

3

government.'" Mitchell v. Forsyth, 472 U.S. 511, 526 (1985); see also Tara M. by Kantner v. City of Philadelphia, 145 F.3d 625, 628 (3d Cir. 1998).

Legislative immunity also protects non-legislative officials "acting in direct assistance of legislative activity…." Aitchison v. Raffiani, 708 F.2d 96, 99–100 (3d Cir. 1983). For non-legislative officials' actions to be protected by legislative immunity, the act in question must be both substantively and procedurally legislative in nature. See In re Montgomery Cty., 215 F.3d 367, 376 (3d Cir.2000). An act is substantively legislative where it involves "policy-making of a general purpose" or "line-drawing." An act is procedurally legislative if it is undertaken "by means of established legislative procedures." Katzenmoyer v. City of Reading, Pa., 158 F. Supp. 2d 491, 501 (E.D. Pa. 2001) (internal citations omitted).

I.B.I.D.'s third RFP seeks materials that are procedurally legislative. The Philadelphia Code provides that "[n]o ordinance amending the text of the Zoning Code or amending the official zoning map shall be adopted by City Council unless it is first reviewed by the [Planning] Commission…"and bars City Council from acting on zoning legislation "until it has referred the proposed ordinance to the Commission for comment and waited … at least 30 days following the introduction of any other zoning ordinance to receive the Commission's recommendation on the ordinance." Phila. Code §§ 14-304(3)(b)-(c).

When the Commission fulfills these obligations and evaluates potential zoning legislation, it acts in direct assistance of legislative activity. The Planning Commission's communications with its staff and among its members (including the head of the

Department of Planning and Development) are communications undertaken as part of that legislative activity. The communications are therefore procedurally legislative. In addition, the Planning Communication's communications with its staff and among its members are substantively legislative because they involve a review of a potential law. They therefore fall within the ambit of legislative immunity.

I.B.I.D. argues that legislative privilege should not extend to "internal communications related to the agency's analysis and public recommendation" (ECF No. 27 at 6), but that argument makes no sense. The internal communications are still communications that the agency has in furtherance of its assistance to the legislative process. The cases that I.B.I.D. cites do not say anything to the contrary—they all deal with distinguishable situations involving third parties or independent agencies, not an agency with a required role in the legislative process.

I.B.I.D. also argues that Defendants should have to provide a privilege log for the legislative communications that they withhold. Federal Rule of Civil Procedure 26(b)(5) requires a party asserting a privilege to make the claim and describe the nature of the materials withheld to enable the opposing party to assess the privilege claim. While a privilege log is the most common way to satisfy this requirement, the Rule does not require it. In this case, Defendants' general assertion of legislative immunity is sufficient. It is express, and it permits I.B.I.D. and the Court to assess the basis for refusing to provide potentially-relevant information. If the Court were to require a more detailed log, it would frustrate one of the purposes of legislative immunity, which is to avoid the burdens that litigation imposes.

IV. CONCLUSION

I.B.I.D.'s third RFP seeks documents that fall within the scope of legislative immunity and legislative privilege. The Court will therefore deny I.B.I.D.'s Motion to compel. An appropriate Order follows.

                                        BY THE COURT:

                                        /s/ Joshua D. Wolson
                                        JOSHUA D. WOLSON, J.

May 13, 2022